Judge Cabexi,,
delivered his opinion:
This case presents a question which, I believe, has never before been made in this Court; whether, in bringing advancements into hotchpot, real estate is to be brought in with real only, and personal estate with personal.
If I had not been informed that different Chancellors of the State have given opposite opinions upon this subject, I should have thought that the question admitted of no doubt whatever.
' The act directing the course of descents, which passed in the year 1785, 12 Hen. Stat. at Large, 139, declares that *561 “ where any of the children of the intestate, or their issue, shall have received from the intestate, in his life-time, any real estate by way of advancement, and shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended.”
The act concerning wills, the distribution of intestates’ estates, &c. directs, “that where any children of the intestate, or their issue, shall have received from the intestate, in his life-time, any personal estate, by way of advancement, and shall choose to come into the distribution with the other persons entitled, such advancement shall be brought into hotchpot with the distributable surplus.” 12 Hen. Stat. at Large, 146.
jReal advancements are to be brought into partition with “ the estate descended;” terms applicable only to real estate; and personal advancements are to be brought into distribution, with the distributable surplus, terms applicable to perso?ial estate only. I do not think the Legislature could have used stronger terms, to shew their intention to keep the two kinds of estate separate and distinct; that real estate was to be brought into hotchpot, only with real estate, and personal estate, only with personal. The law has been changed in this respect, by the late revisal; but the case under consideration occurred before the change, and must be regulated by the law as above laid down.
The appellant has taken various exceptions to the report of the commissioner.
1. As to the three years rent of the Frederick land, received by the appellees, after they ceased to occupy it. That land had been given to Mrs. Stoneslreet, as an advancement, although no conveyance was made for it. So long as the land was held by the appellees, as an advancement, they ought not to be charged with the rents or profits. Beckwith v. Butler, 1 Wash. 224. But Elisha Williams, the father of Mrs. Stoneslreet, took back that land, and *562 gave her in lieu thereof, other lands in the county of Bath. j-j6; however, permitted Stonestreet to receive the rents of the Frederick land, for three years after the exchange af°resai^5 and after he had ceased to occupy it. These rents were certainly an advancement to Mrs. Stonestreet; but they cannot be regarded in any other character than as personal estate. The appellees ought, therefore, to have been charged with them in the distribution of the personal estate; and in this particular, the decree is erroneous.
2. The charge by Stonestreet, for nursing his father-in-law, in his last illness, was properly rejected. There was no contract, express or implied; and considering the relation between the parties, the services were such that no compensation ought to have been expected.
As to the subjects of the other exceptions, I am of opinion, that there is not sufficient evidence to support them; and if there were, they ought not to be allowed to be set off against the advances made to the appellant. They would be debts for which he should sue as a creditor.
I am for reversing the decree, so far as relates to the three years rents of the Frederick land, and for affirming it in all other respects.
The other Judges concurred.*

 Judge Coaeteb, absent.